# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 14, 2012

No. 11-30314

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STERLING LEON JOHNSON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:07-CR-60024-1

Before JONES, Chief Judge, and OWEN and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Sterling Leon Johnson pled guilty to possession of a firearm while a convicted felon in violation of 18 U.S.C. § 922(g)(1). The district court determined that Johnson's criminal history qualified him for an Armed Career Criminal Act ("ACCA") enhancement. After the ACCA enhancement and a three level reduction for acceptance of responsibility, the guidelines range was 151 to 188 months. The court sentenced Johnson to the ACCA statutory minimum of 180 months, though it expressed unease with the length of the sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30314

Johnson's three prior felony convictions that required the ACCA enhancement included selling cocaine, burglary, and robbery. The latter two offenses were committed in 1992 when Johnson was 15 but was prosecuted as an adult. Johnson argues that his Mississippi burglary conviction does not constitute a "violent felony" as defined in the ACCA. The government asserts that Johnson waived his argument below. After carefully reviewing the record, we are satisfied that Johnson did not waive. Thus, we review *de novo* the district court's determination that Johnson's conviction qualified as a violent felony. *United States v. Schmidt*, 623 F.3d 257, 260 (5th Cir. 2010).

A defendant convicted of being a felon in possession of a firearm is normally subject to a statutory maximum sentence of 10 years of imprisonment. 18 U.S.C. § 924(a)(2). Pursuant to the ACCA, a defendant convicted under 18 U.S.C. § 922(g) who has three previous convictions for violent felonies or serious drug offenses occurring on different occasions must be imprisoned for at least 15 years. § 924(e)(1); U.S.S.G. § 4B1.4(a). Burglary is one of the violent felonies enumerated in the ACCA. § 924(e)(2)(B)(ii). The Supreme Court has limited the use of state law burglary convictions for sentence enhancements by holding that only "generic" burglary can support a § 924(e) enhancement. *Taylor v. United States*, 495 U.S. 575, 598-99, 110 S. Ct. 2143, 2158 (1990). Specifically, the *Taylor* definition of a generic burglary requires that the state statute contain, at a minimum, the following elements: "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Id.* at 598, 110 S. Ct. at 2158.

There is no dispute that the Mississippi statute criminalizes conduct not covered by a generic burglary offense. In addition to buildings and structures, the Mississippi burglary statute proscribes breaking into a "water vessel, commercial or pleasure craft, ship, steamboat, flatboat, railroad car, automobile, truck or trailer" with intent to steal or commit a felony. MISS. CODE § 97-17-33

2

No. 11-30314

(1992).  When state statutes are broader than generic burglary, courts may employ what the Court has called the "modified categorical approach," *Johnson v. United States*, ___ U.S. ___ , 130 S. Ct. 1265, 1273 (2010), and consider certain adjudicative records, such as the charging document, a plea agreement, a transcript of a colloquy in which the defendant confirmed the factual basis, or other comparable judicial record, to determine whether the conviction necessarily rested on facts equating to the generic offense, *Shepard v. United States*, 544 U.S. 13, 26, 125 S. Ct. 1254, 1263 (2005).

The records introduced by the government were of the type approved by the Court in *Shepard*, 544 U.S. at 26, 125 S. Ct. at 1263, and support the district court's conclusion that Johnson was convicted for generic burglary.  The "Petition to Enter a Guilty Plea" associated with Johnson's burglary arrest establishes that his Mississippi conviction was for "burglary of a storehouse." A storehouse is a description of the structure Johnson broke into, a description to which he subscribed in pleading guilty.  This description sufficiently narrows the statute which is entitled, "Burglary; breaking and entering building other than dwelling; railroad car; vessels; automobiles."   The government also introduced a transcript of the plea colloquy in which Johnson admitted to having burglarized a carwash business and acknowledged that he was charged with burglarizing a commercial building.  He did not break into a ship, truck, trailer, or anything else not covered by generic burglary.  As such, his burglary conviction, combined with his other two convictions, justifiably triggered the ACCA enhancement.  We find unpersuasive Johnson's contention that the district court gave improper weight to the facts in the presentence report or that the district court misunderstood its authority to decline to apply the ACCA.

**AFFIRMED.**